### STEWART v. DUNN.

(Supreme Court, Appellate Division, Fourth Department. November 18, 1902.)

1. DEEDS—CANCELLATION—MISTAKE—EVIDENCE—SUFFICIENCY.
    In an action to cancel a deed, evidence considered, and *held* insufficient to support a finding that the deed was executed through mistake.
2. SAME—UNILATERAL MISTAKE.
    Unilateral mistake is not ground for cancellation of a deed.
3. SAME—FRAUD.
    Unless the grantee in a deed makes statements inducing mistake or misapprehension on the part of the grantor, or, with knowledge of such mistake, keeps silent, he is not guilty of fraud furnishing ground for cancellation.

Appeal from special term, Orleans county.

Action by Betsey Stewart against Clifford A. Dunn. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before McLENNAN, SPRING, WILLIAMS, HISCOCK, and DAVY, JJ.

Keeler & Marsh, for appellant.
Thos. A. Kirby, for respondent.

WILLIAMS, J. The judgment should be reversed, and a new trial granted, with costs to the appellant to abide event. The action was brought to set aside a deed to the appellant made by the respondent (her husband joining with her in the deed), on the ground of fraud in procuring the same, and for an accounting as to rents and profits. The respondent and her husband were old people, about 80 years of age. The appellant was a grandson. The deed was given in April, 1900, and conveyed a farm of some 90 acres in Gaines,

¶ 2. See Deeds, vol. 16, Cent. Dig. § 156.

Orleans county, subject to a mortgage thereon of $1,100, which appellant agreed to pay. The deed contained clauses requiring the appellant to do all the work on the farm, and keep the buildings and fences in repair, during the lifetime of the respondent and her husband, and to care for, support, and maintain them, furnish clothing, medical attendance, and nursing suitable and proper in their station in life, and furnish them with horse, harness, and buggy, and care for the same, etc., and providing that appellant should not sell or dispose of the property during the lifetime of respondent and her husband or the survivor of them, and would erect a monument on their cemetery lot, and finally stating the intention of the parties to be that the appellant should care for, maintain, clothe, and support the respondent and her husband until their death, as members of his family, in a manner fitting, suitable, and proper for their station in life, and upon the death of the survivor the property should belong to the appellant. These provisions in the deed and that for the payment of the $1,100 mortgage constituted the consideration for the transfer of the property. Respondent's husband is now dead.

The allegations in the complaint were, in brief, that the giving of the deed was procured by false and fraudulent statements, made by the appellant and his agent, that it was merely a contract relative to the working and management of the farm; that the respondent relied on and believed such statements when she executed the deed; and that it was not read by or to her and she did not know it was a deed of the property. There was a full examination upon the trial of the respondent and her husband, and the appellant, and his so-called agent, Dibble, and of Dibble's wife (who was the mother of appellant and the daughter of respondent and her husband), as to the negotiations back and forth resulting in the giving of the deed. The trial court found there was no fraud practiced upon the respondent and her husband, but that they did not understand that a deed was being given, and it was given through inadvertence and mistake, and for that reason directed judgment setting it aside. The court very fairly states the main facts appearing from the evidence in the decision, viz.:

"At the time of the execution and delivery of said deed of conveyance to the said defendant, Clifford A. Dunn, and for many years prior thereto, the plaintiff had been the owner of said lands and premises. It had been the home of herself and husband for a long time, but on account of the age of her husband and herself the carrying on of the farm had become burdensome. They were both of about the age of eighty years at the time the deed was made. They both had great affection for the defendant, who was their grandson, and their confidence in him was implicit. He was not then, but is now, twenty-one years of age. He had before this time done work for the plaintiff upon this farm, and the relations of the plaintiff and her husband with him had always been pleasant. Desiring to be relieved from the carrying on this farm, they conceived the plan of having the defendant, Dunn, carry on the farm, leaving their home intact, and with the ultimate purpose and design of leaving the farm to him after their death. They consulted with their said grandson, the defendant, Dunn, and also with his mother, their daughter, as well as her husband, Michael J. Dibble. The plaintiff and her husband seem to have been more anxious to have the arrangement consummated than either the grandson, his mother, or her husband; but finally the plan was assented to, the deed of conveyance was made, and executed

by the plaintiff and her husband, and delivered to the defendant, Clifford A. Dunn, who thereupon took possession thereof, carried on said farm, had the proceeds thereof and paid the taxes thereon. The needs of the plaintiff and her husband, by way of support and maintenance, have been very small, and they have not hesitated to restrict themselves, even as regards necessaries, whenever they felt it would be burdensome to the grandson, the defendant, Dunn."

The court then proceeds to state the particular ground of the decision, viz.:

"While there was no fraud or imposition practiced by Dunn, or his mother or her husband, yet the infirmity of the plaintiff and her husband was such, on account of their advanced age, that they did not understand the full effect of the conveyance, with its conditions contained therein. Neither understood that the plaintiff was making and executing a deed of conveyance which should take effect immediately, and as soon as they discovered the effect of the transaction, and the effect that an absolute conveyance had been made, both the plaintiff and her husband repudiated the transaction, and said deed of conveyance was made through inadvertence and mistake."

A reading of the evidence leads us to the conclusion that the finding by the court that the plaintiff and her husband did not understand the effect of the deed and its conditions, and made the deed through misapprehension or mistake, was against the weight of evidence. The scheme was theirs, was thoroughly talked over and considered; a lawyer was consulted, and made a draft of the conditions, which was submitted to the plaintiff and her husband, and it is not now suggested by the court that they were misled or deceived as to the contents of the deed which they executed, or that the negotiations were not fair and honestly conducted. They seemed to be quite intelligent, and to give their evidence readily and clearly, and it is very apparent to us that they did understand what they were doing when they made the deed.

More than this, the action as brought was based upon fraud. Fraud was not established.

The only other ground for the relief granted was mutual mistake, and it is not pretended that there was any mistake or misapprehension on the part of the defendant, Dunn. Mistake or misapprehension on the part of the plaintiff would not constitute mutual mistake, and would not authorize the court to set aside the deed unless such mistake or misapprehension was the result of some acts or omissions on the part of the defendant amounting to fraud. Either the defendant must have made statements inducing the mistake or misapprehension, or else, with knowledge that such mistake or misapprehension existed, the defendant must have kept still and permitted the plaintiff to execute the deed under such mistake or misapprehension; in either of which cases the defendant would be guilty of fraud, and the relief would be afforded on the ground of fraud, and not of mutual mistake.

The agreement contained in the deed was deliberately made between the parties, the defendant entered upon the performance of his part thereof, and continued in his performance for some time. One of the old people is now dead; the other is more than 80 years of age. No real reason appears in the case why the defendant should

now be deprived of his interest under the contract. The decision of the trial court seems to us to be an injustice to the defendant, and to be unauthorized, in view of the facts appearing in the record.

The judgment should therefore be reversed, and a new trial granted, with costs to the appellant to abide event. All concur.